**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 12 CR 415 |
| DEANDRE CHERRY, | ) Judge Ronald A. Guzmán |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the motion for disclosure of the confidential informant's identity [85] is denied.

**STATEMENT**

The defendant is charged with the possession of heroin that was found in plain view in his automobile at the time of his arrest. In addition, the government has informed the defendant that it will seek a superseding indictment to include an additional charge of possession with intent to distribute cocaine base, which was also found in his automobile at the time of his arrest. The government has announced that it will not call the confidential informant as a witness at defendant's trial for the current charges. The arrest took place during a planned delivery of 13 kg of sham cocaine by the confidential informant to the defendant. However, the defendant has not been charged with attempted possession of the 13 kg of cocaine; instead he has been charged with actual possession of heroin and actual possession of the aforementioned cocaine that were found in his automobile at the time of his arrest.

The defendant claims the confidential informant's disclosure is necessary to his defense as he would be in a position to testify that the defendant was unwilling to accept the transfer of 13 kg of cocaine from the confidential informant and had no knowledge about who was to receive the said cocaine. Defendant also claims that the disclosure of the confidential informant's identity would allow him to determine whether there is damaging information about the confidential informant that should have been presented to the Court at the time of the defendant's filing of the original motion to suppress.

Initially, it is clear that the government possesses a limited privilege to withhold the identity of a confidential informant from a criminal defendant. See *United States v. Wilburn*, 581 F.3d 618, 622 (7th Cir. 2009) (citing *Roviaro v. United States*, 353 U.S. 53, 59-60 (1957)); *United States. v. Bender*, 5 F.3d 267, 270 (7th Cir 1993). In order to overcome this limited privilege, the defendant has the burden of showing that his need for a confidential informant's identity is relevant and helpful to his defense. *United States v. Connors*, 441 F.3d 527, 531 (7th Cir. 2006); *United States v. Jefferson*, 252 F.3d 937, 941 (7th Cir. 2001); *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994) ("[D]efendant can overcome the confidential informant privilege by demonstrating a need for the information, [but] he bears this burden in the face of an assumption that the privilege should apply"). Because of the inherent risk of harm confidential informants face, the defense must show a substantial need in order to force disclosure. No such need has been shown here.

The facts as elicited in the motion to suppress hearing make it clear that, although the confidential informant may very well be a transactional witness to the uncharged offense of attempted possession of 13 kg of cocaine, he is not an occurrence witness to the offenses with

2

which the defendant is actually charged, *i.e.*, actual possession of the heroin and cocaine found in his automobile at the time of his apprehension. The confidential informant had been taken away from the immediate scene before the discovery of the heroin and cocaine occurred. He did not witness the recovery of the controlled substances and his testimony would, at best, be circumstantially relevant to the essential elements of the offense, in that it would concern occurrences prior to, but not at the time of, the offense charged. Under such circumstances the defendant must state with some particularity what relevant evidence he expects a confidential informant will provide. The defendant's motion lacks such specificity.

The defendant's argument in support of his motion is not on point. Although he alleges that the informant is the person who set up and participated in "the alleged transaction with Mr. Cherry," and goes into significant detail about the confidential informant's role in setting up the intended delivery of cocaine to him, he says virtually nothing about what testimony the confidential informant would be able to give with regards to the actual crime charged, *i.e.* the possession of heroin and cocaine.

The defendant argues that the authority of the agents to make an arrest and to search the defendant's car is based entirely on the reliability of the informant. But while the sufficiency of probable cause for the arrest was an issue at the motion to suppress, it will not be an issue at trial. The only issue at trial will be what evidence there is to prove that the defendant possessed heroin, cocaine, or both. The defendant's motion points to no evidence the confidential informant could possibly have in regard to the actual offenses charged. Moreover, the defendant's related argument that disclosure of the confidential informant's identity is needed to determine whether there is damaging information about the confidential informant that should

have been presented to the Court at the time of the defendant's filing of the original motion to suppress is purely speculative. The defendant fails to cite any factual basis in support of his position that any such "damaging information" even exists, much less what it could be. Finally, it comes too late. The motion to suppress has already been heard and denied.

The defendant has failed to meet his burden that the confidential informant could provide useful information regarding the defendant's possession of heroin and/or cocaine found inside of his car and, thus, has failed to show a genuine need for the disclosure of identifying information. Therefore, the motion for disclosure of the confidential informant's identity [85] is denied.

Dated: April 30, 2015

**SO ORDERED**.         ENTER:

-----------------------------------------
**RONALD A. GUZMÁN**
**United States District Judge**