# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) No. 12 CR 415 |
| | ) Judge Ronald A. Guzmán |
| Deandre Cherry, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's motion to reconsider [92] is denied.

# STATEMENT

Defendant seeks reconsideration of the Court's order denying his motion to suppress evidence in light of the recent Seventh Circuit Court decision in *United States v. Glover*, 755 F.3d 811 (7th Cir. 2014). The Court finds the *Glover* decision inapposite. *Glover* involved an application for a search warrant that omitted any mention of the extensive information the submitting officer had regarding the credibility of the unnamed informant upon whose information the warrant application relied. The *Glover* court found that the complete omission of such information regarding the informant's credibility sufficient to raise an inference that the officer acted in reckless disregard for the truth, warranting a *Franks* hearing. *Id*. at 817-18, 820. But that procedural scenario could not be more different from the case at bar. Here, there has been no evidence whatsoever that any information was intentionally withheld by the law enforcement officers. Furthermore, the Court was not limited to a one-sided presentation of facts in an affidavit, but instead had the advantage of a complete evidentiary hearing in which both

sides had an opportunity to present and cross-examine witnesses. This Court was able to observe the witnesses and make its own credibility determinations. Moreover, the Court was fully aware of and took into account the fact that the cooperating individual was personally involved in the possession and delivery of large amounts of controlled substances. Not only was the car that he drove specifically modified with hidden compartments to store narcotics, but officers also testified that the cooperating individual had a criminal background and had strong incentives to cooperate with law enforcement. Information from such an individual must, of course, be considered with caution, but unlike in *Glover*, the Court was completely aware of this. There is nothing new here for the Court to consider.

Defendant argues that the recorded statements made by the cooperating individual while Defendant was in his car prove that the cooperating individual's information was unreliable and that he did not follow instructions. Defendant further contends that those statements show that Defendant did not intend to take possession of the cocaine nor attempted to flee when law enforcement officers announced themselves. These arguments are based upon a recently "enhanced" version of the recordings which was not presented to the Court during the suppression hearing and which neither the Court nor the government has since reviewed. That the cooperating individual made statements while in the vehicle that the arresting officers did not hear is not of great importance, since any such information was unknown to the officers at the time of the arrest and search. At any rate, nothing in the quotes contained in Defendant's motion for reconsideration undermines the Court's prior ruling. The officers' reliance in part on the cooperating individual's pre-arrest signal was reasonable given the totality of the circumstances of which they were aware at the time.

Defendant makes a detailed argument regarding the inconsistencies in the testimony of the various officers regarding the distance between the two cars. But this argument has already been made and the Court considered and resolved this issue. The testimony in this regard was somewhat inconsistent, but not fatally so. After reviewing all of the evidence, the Court was satisfied that Defendant exited the cooperating individual's automobile and attempted to enter his own car when the police announced their presence and came running at him. Whether Defendant ran towards his vehicle or turned and stepped towards his vehicle is of little consequence, even as to Officer O'Reilly's credibility. The new evidence seems to corroborate that Defendant got out of the cooperating individual's automobile and was immediately confronted by sirens and officers shouting at him, "Don't move. Don't move . . . Don't fuckin' do it." Don't do what? Likely, the officers were referring to his attempt to get into his automobile when they announced themselves. At any rate, the question of flight is but one of the several factors the Court considered in denying Defendant's motion to suppress. Defendant simply is attempting to reargue the same essential facts. [1]

Photographs taken by one of the arresting officers with his personal camera were introduced during the evidentiary hearing on the motion to suppress. Defendant now argues that the government agents may have retained the metadata for the photographs introduced at the suppression hearing then intentionally destroyed it after questions regarding the sequencing of the photographs was raised during the motion to suppress.

Defendant asserts that:

> The inability of defense counsel to examine this data violates Mr. Cherry's Fifth Amendment right to Due Process, his Sixth Amendment right to confront the

---

[1] In its original order, the Court made explicit findings detailing what the evidence showed the officers knew at the time of the initial arrest and further articulated why that information was sufficient to establish probable cause.

> witnesses and evidence against him, and may also be a violation of his right to exculpatory information under *Brady v. Maryland* and its progeny.

(Dkt. # 84, at 7-8.) The Court finds nothing in the record to support this contention; indeed, it appears to be mere speculation. No evidence supports Defendant's position (nor is it likely) that after the motion to suppress, during which metadata was not even mentioned, law enforcement officers anticipated that such information would someday be requested and intentionally destroyed it in order to deprive Defendant of the evidence.

As pointed out in the Court's original order, probable cause to search the automobile existed based both on the plain view of the heroin at the top of the briefcase inside Defendant's automobile, and as a search incident to Defendant's arrest. Finally, as previously pointed out, the narcotics would inevitably have been discovered during the inventory search of the automobile that was being impounded for forfeiture proceedings. For these reasons, Defendant's motion for reconsideration is denied.

**SO ORDERED.**       **ENTER:** May 6, 2015

_Ronald A. Guzmán_
**RONALD A. GUZMÁN**
**United States District Judge**